'09 CIV 7790

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
EMERAUDE LINES OVERSEA S.A.S.,

                              Plaintiff,       09 CV 7790 (BSJ)

-v-

                                             **VERIFIED COMPLAINT**

CONTENEMAR S.A.,

                              Defendant.
-------------------------------------------------------------------x

       Plaintiff, EMERAUDE LINES OVERSEA S.A.S. (hereinafter "EMERAUDE") by its attorneys, CHALOS & CO, P.C., as and for their Verified Complaint against Defendant, CONTENEMAR S.A. (hereinafter referred to as "CONTENEMAR") alleges upon information and belief as follows:

## JURISDICTION

1.      The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

2.      At all times material hereto, Plaintiff, EMERAUDE, was and still is a foreign business entity, duly organized and existing pursuant to the laws of France, a joint stock company ("*société par actions simplifiée*") with registered capital in the amount of EUR 50,000 with registered offices situated at 11 rue du Pont V, 76600 Le Havre, France, registered with the Commercial Court of Le Havre under number 451 014 237 and with a principal place of business at: Gare Maritime de la Bourse, 35400 Saint Malo, France.

Chalos & Co Ref: 2102.004

3.  Defendant, CONTENEMAR, was and still is a foreign business entity, duly organized and existing pursuant to the laws of the state of Spain, with a principal place of business at: 150, Calle de Velazquez, Madrid, Spain.

## FACTS AND CLAIM

4.  On or about January 18, 2005, Plaintiff, EMERAUDE, entered into an Agreement with Uldeberri S.L ("ULDEBERRI"), for the delivery of the M/V ALINE (renamed the M/V PITIUSA NOVA) (hereinafter "the Vessel").

5.  In the Agreement, Defendant, CONTENEMAR, undertook that if, for any reason whatsoever, ULDEBERRI failed to perform or comply with the Agreement, CONTENEMAR shall forthwith upon demand and unconditionally perform (or procure performance of) the Agreement and indemnify and hold harmless EMERAUDE against all losses including but not limited to legal costs arising in connection with such failure. Said undertaking by CONTENEMAR on behalf of ULDEBERRI was re-affirmed in various amendments to the Agreement and in particular Addendum n°6 dated 20 April 2007.

6.  The Agreement being an agreement for the delivery of a vessel is a maritime contract.

7.  The Vessel was due to be delivered between February 20, 2005 and March 20, 2005, at the port of Valencia, Spain. This was later amended, and the Vessel was instead required to be delivered safely afloat from the port of St. Malo, France, to the port of Alicante, Spain.

8.  ULDEBERRI accepted delivery of the Vessel on seller's credit terms, and subsequently failed to make the contractually agreed repayments. Defendant, CONTENEMAR, failed to perform the Agreement in accordance with its contractual obligations to do so. Notwithstanding ULDEBERRI's and CONTENEMAR's failure to

perform the Agreement, Defendant CONTENEMAR continued to operate the Vessel to carry passengers and vehicles between the Balearic Islands and mainland Spain.

9. As a result of CONTENEMAR's failure to act in accordance with its obligations under the Agreement, EMERAUDE incurred damage in the principal amount of EUR 3,216,000.00.

10. Despite demands by EMERAUDE, Defendant CONTENEMAR, in breach of the terms of the Agreement, has failed, neglected and/or otherwise refused to pay plaintiff for losses suffered as a result of CONTENEMAR's and ULDEBERRI's respective breaches of the Agreement.

11. Plaintiff brought a claim in Madrid, Spain, where the First Instance Court of Madrid awarded damages in the principal amount of EUR 3,216,000.00, a late payment charge of EUR 11,428.01, plus an additional EUR 645,485.60 for interest and court fees/costs. *See Complaint Proceeding of the First Instance Court of Madrid, and English translation of same, attached hereto as Exhibit 1.*

12. Thereafter, the Court found the Defendant, CONTENEMAR, to be wholly liable for Plaintiff's loss. Despite demands by Plaintiff, EMERAUDE, and the ruling of the First Instance Court of Madrid, Defendant CONTENEMAR, has failed, neglected and/or otherwise refused to pay the full amount of EUR 3,872,913.61 (USD $5,520,110.96), due and owing for their breach of the Agreement.

13. Plaintiff has commenced this action in order to enforce the foreign judgment awarded in the Spanish proceedings.

14. The recognition of foreign judgments is governed by state law. *See Restatement (Third) of the Foreign Relations Law of the United States § 481 cmt. a (1987).*

15. New York recognizes foreign judgments as per Article 53 of New York Civil Practice Law and Rules. Article 53 applies to "any foreign country judgment which is final,

conclusive and enforceable where rendered even though an appeal therefrom is pending or it is subject to appeal." N.Y. C.P.L.R. 5302 (Consol. 2009).

16. Therefore, EMERAUDE's total claim against Defendant CONTENEMAR is in the aggregate USD $5,520,110.96.

## BASIS FOR ATTACHMENT

17. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendant within this District held by various parties, as garnishees, including but not limited to electronic fund transfers.

18. Defendant is continuously engaged in international shipping and conduct business in U.S. Dollars. Nearly all companies engaged in the international shipping industry transact business in U.S. Dollars and therefore regularly have assets in New York City. Dollars are the *lingua franca* of international commerce.

19. All international U.S. dollar transfers are processed by intermediary banks in the United States, mainly in New York City. The Clearing House Interbank Payment System represents that it processes 95% of those transfers.

20. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the Defendant; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendant and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are

located in this District in the possession of garnishees, including: ABN AMRO BANK, Banco Espanol de Credito, Banco Santander, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, BBVA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing it to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.  That since the Defendant cannot be found within the District, as set forth in the Declaration of George M. Chalos (*attached hereto as Exhibit 2*), and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendant's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendant, up to the amount of USD $5,520,110.96 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
      September 9, 2009

                                CHALOS & CO, P.C.
                                Attorneys for Plaintiff
                                EMERAUDE LINES OVERSEA S.A.S.

By: _____
        George M. Chalos (GC-8693)
        123 South Street
        Oyster Bay, New York 11771
        Tel: (516) 714-4300
        Fax: (516) 750-9051
        Email: gmc@chaloslaw.com

# EXHIBIT 1



JUZGADO DE 1ª INSTANCIA N° 71
MADRID

C/CAPITAN HAYA 66, 7 PLANTA, MADRID 28071

3910K

N.I.G.: 28079 1 0013551 /2009

Procedimiento: EJECUCION DE TITULOS NO JUDICIALES 127 /2009

Sobre OTRAS MATERIAS

De D/ña. SAS EMERAUDE LINES OVERSEA
Procurador/a Sr/a. FRANCISCO JAVIER CALVO RUIZ
Contra D/ña. CONTENEMAR S.A.
Procurador/a Sr/a. SIN PROFESIONAL ASIGNADO

DILIGENCIA DE PRESENTACION.-

En MADRID , a treinta de marzo de dos mil nueve .



Articulo 151.2   L.E.C. 1/2000

La extiendo yo el Secretario Judicial, para hacer constar que el día 26 de enero de 2009 se ha presentado por el Procurador Sr/Sra FRANCISCO JAVIER CALVO RUIZ en nombre y representación de SAS EMERAUDE LINES OVERSEA demanda ejecutiva, de lo que paso a dar cuenta. Doy fe.


A U T O

Juez/Magistrado-Juez Sr./a :
 ANA ALONSO RODRIGUEZ-SEDANO


En MADRID , a treinta de marzo de dos mil nueve  .


ANTECEDENTES DE HECHO

UNICO.- Por el Procurador Sr/Sra FRANCISCO JAVIER CALVO RUIZ en nombre y representación de SAS EMERAUDE LINES OVERSEA  se ha presentado demanda, solicitando se despache ejecución frente a CONTENEMAR S.A. , en base al siguiente título ejecutivo:

CLASE DE TITULO, FECHA Y N° EN SU CASO escritura pública de reconocimiento de deuda de fecha 20 de abril de 2007
EJECUTANTE  SAS EMERAUDE LINES OVERSEA
EJECUTADO   CONTENEMAR S.A.

FUNDAMENTOS DE DERECHO


Madrid


Administración de Justicia

**PRIMERO.-** Examinada la anterior demanda, se estima, a la vista de los datos y documentos aportados, que la parte ejecutante reúne los requisitos de capacidad, representación y postulación procesales, necesarios para comparecer en juicio conforme a lo determinado en los artículos 6, 7, 23,31 538 y 539 de la Ley 1/2000, de Enjuiciamiento Civil(LECn).

**SEGUNDO.-** Asimismo, vistas las pretensiones formuladas en la demanda, este Juzgado tiene jurisdicción y competencia objetiva para conocer de las mismas, según los artículos 36 y 45 y 545 de la citada ley procesal, siendo igualmente competente territorialmente .

**TERCERO.-** El título que se presenta lleva aparejada ejecución a tenor de lo establecido en el artículo 517 de la LECn, siendo la cantidad que se reclama, determinada y excede de 300,51 euros, como exigen los artículos 520 y 572 de la LECn.

**CUARTO.-** La demanda reúne los requisitos del artículo 549 de la LECn, se acompañan los documentos exigidos en el artículo 550, y como establece el artículo 551 de la LECn, concurren los presupuestos y requisitos procesales, el título ejecutivo no adolece de ninguna irregularidad formal y los actos de ejecución que se solicitan son conformes con la naturaleza y contenido de aquél, procede despachar la ejecución en los términos solicitados.

**TERCERO.-** Dispone el artículo 575 de la LECn que, tratándose de ejecución dineraria, la misma se despachará por la cantidad que se reclame en la demanda ejecutiva en concepto de principal e intereses ordinarios y moratorios vencidos, incrementada por la que se prevea para los intereses que, en su caso, puedan devengarse durante la ejecución y las costas de ésta. La cantidad prevista para estos dos conceptos, que se fijará provisionalmente, no podrá superar el 30 por 100 de lo que se reclame en la demanda ejecutiva, sin perjuicio de posterior liquidación, sin que concurran en el presente caso motivos para apartarse de esta regla general.

**SEXTO.-** El ejecutante puede solicitar en su demanda (Art 549.1.4° LECn) las medidas de investigación que interese al amparo de lo establecido en el artículo 590 de dicha Ley, siempre que exprese sucintamente, como se hace en el presente caso, las razones por las que estime que la entidad, organismo, registro o persona de que se trate, dispone de información sobre el patrimonio del ejecutado, y que aquél no pudiera obtenerlos por sí mismo o a través de su procurador debidamente facultado al efecto por su poderdante, medidas éstas que, de conformidad con lo establecido en el artículo 554.2 pueden llevarse a efecto de inmediato aunque deba efectuarse requerimiento de pago,


Madrid


Administración de Justicia

si el ejecutante justifica, como hace cumplidamente, que cualquier demora en la localización e investigación de bienes podría frustrar el buen fin de la ejecución.

### PARTE DISPOSITIVA

1.- Se tiene por parte al Procurador FRANCISCO JAVIER CALVO RUIZ en la representación que acredita de SAS EMERAUDE LINES OVERSEA

2.- SE DESPACHA, a instancia de SAS EMERAUDE LINES OVERSEA parte ejecutante, ejecución frente a CONTENEMAR S.A. parte ejecutada, por importe de 3216000,00 euros de principal, 11428,01 euros de intereses moratorios más otras 645485,60 eur. euros fijados prudencialmente para intereses y costas de ejecución.

3.- Requiérase al deudor para que en el acto pague el importe del principal e intereses devengados.

4.- En cuanto a la investigación del patrimonio del ejecutado, ofíciese a la Oficina de Averiguación Patrimonial a los fines interesados.

5.- En cuanto a los bienes designados para embargo no ha lugar a su embargo por tratarse de bienes inconcretos.

6.- Hágase saber a las partes que, de conformidad con lo establecido en el artículo 155.5 de la LECn, si cambiasen su domicilio durante la sustanciación del proceso, lo comunicarán inmediatamente al tribunal.

7.- Notifíquese esta resolución al/los ejecutado/s con entrega de copia de la demanda ejecutiva y de los documentos acompañados, sin citación ni emplazamiento, para que, en cualquier momento pueda/n personarse en la ejecución.

Esta resolución es firme y contra la misma no cabe recurso alguno (Art 551.2 LECn), sin perjuicio de que el/los deudor/res pueda/a oponerse a la ejecución despachada dentro de los DIEZ DÍAS siguientes a la notificación de este Auto.

Así lo manda y firma S.S. Doy fe.

EL/LA JUEZ/MAGISTRADO-JUEZ,    EL/LA SECRETARIO,


Madrid

FIRST INSTANCE COURT NUMBER 71
MADRID

C/CAPITAN HAYA 66, 7TH FLOOR, MADRID 28071

3910K
GENERAL IDENTIFICATION NUMBER (NIG, for its acronym in Spanish): 28079 1 0013551 /2009
SUMMARY PROCEEDING FOR EXECUTION OF NON JUDICIAL TITLES 127 /2009
Regarding OTHER MATTERS
Mr. /Mrs. SAS EMERAUDE LINES OVERSEA
Attorney Mr. /Mrs. FRANCISCO JAVIER CALVO RUIZ
vs. Mr. /Mrs. CONTENMAR S.A.
Attorney Mr. /Mrs. NO ATTORNEY OF RECORD

[PARTIALLY LEGIBLE STAMP READS]:
ILLUSTRIOUS (ILLEGIBLE) OF MADRID
(ILLEGIBLE0
APRIL 1, 2009 – (ILLEGIBLE) 2009
ARTICLE 151.2          L.E.C. 1/2000

**COMPLAINT PROCEEDING.-**

In Madrid, on March thirtieth, two thousand and nine.

Issued by me, the Secretary of the Court, for purposes of recording that on January 26th, 2009, Attorney FRANCISCO JAVIER CALVO RUIZ appeared in representation and on behalf of SAS EMERAUDE LINES OVERSEA to file the complaint for execution, which I report hereinafter. I attest.

## WRIT

Judge/Magistrate Mr. /Mrs.
ANA ALONSO RODRIGUEZ-SEDANO

In MADRID, on March thirtieth, two thousand and nine.

## BACKGROUND

SOLE.- A complaint has been filed by Attorney Mr./Mrs. FRANCISCO JAVIER CALVO RUIZ, on behalf and representation of SAS EMERAUDE LINES OVERSEA requesting a summary proceeding for execution against CONTENMAR S.A., in regards to the following document/title of execution:

TYPE OF TITLE, DATE AND NUMBER IF APPLICABLE, of public deed of acknowledgment of obligation dated April 20th, 2007
EXECUTOR    SAS EMERAUDE LINES OVERSEA
DEBTOR      CONTENMAR S.A.

## LEGAL GROUNDS

**FIRST.-** Having examined the aforementioned complaint, and in view of the information and documents presented, it is hereby found that the petitioner complies with the procedural requirements of competency, representation and petition needed to appear at a legal proceeding in accordance with the provisions of Articles 6, 7, 23, 31, 538, and 539 of the Law of Civil Procedure (LECn, for its acronym in Spanish) 1/2000.

**SECOND.-** Additionally, having viewed the complaint's petitions, it is found that this Court possesses objective jurisdiction and competency to hear same, in accordance with the provisions of Articles 36, and 45, and 545 of the aforementioned procedural law, and is also competent territorially.

**THIRD.-** The title filed is executable in accordance to the provisions set forth in Article 517 of the LECn, inasmuch as it has been determined that the amount claimed exceeds 300.51 Euros, as required by Articles 520, and 572 of the LECn.

**FOURTH.-** Inasmuch as the complaint complies with the requirements of Article 549 of the LECn, it is accompanied by the documents required by Article 550, and meets all procedural requirements and circumstances set forth by Article 551 of the LECn, the document/title of execution lacks any formal irregularity, and the actions of execution requested comply with the nature and content of the aforementioned document/title of execution, it is according to law to settle the execution in accordance with the terms requested.

**THIRD.-**[1] According to the provisions of Article 575 of the LECn, in instances involving monetary executions, same shall be settled for the amount claimed in the complaint for execution including principal amount and ordinary interest and late fee charges, augmented in accordance to the interest accrued during the execution and the court fees and costs of same. The amount of these two sums, to be provisionally set, may not exceed thirty percent of the amount claimed in the complaint for execution, without prejudice to future settlements. The present matter does not introduce any reason to depart from this general rule.

**SIXTH.-** The executor may request in his/her complaint (Article 549.1.4 of the LECn) all investigation procedures required according to the provisions of Article 590 of the aforementioned Law, as long as the executor succinctly expresses, as is done in the present matter, the reasons why the executor considers that the company or organization, institution, registry or person in question, possesses the information regarding the debtor's patrimony, and only if the executor is unable to obtain said information through his/her duly authorized attorney of record. The aforementioned procedures, in accordance with the provisions set forth

---

[1] T.N: Translator believes this should be "FIFTH" instead of "THIRD".

by Article 554.2, may be performed immediately even if this requires an order to pay, if the executor justifies, as he does in the present matter, that any delay in determining the location and investigation of the assets would have the ability to hinder the execution's success.

## RESOLUTION

1.- The Petitioner is Attorney FRANCISCO JAVIER CALVO RUIZ, duly empowered to act in representation of SAS EMERAUDE LINES OVERSEA.

2.- At the request of the executor, SAS EMERAUDE LINES OVERSEA, the present execution is DECIDED against CONTENMAR S.A., the debtor, for the principal amount of 3,216,000.00 Euros, a late payment charge of 11,428.01 Euros, plus an additional 645,485.60 Euros awarded for potential execution interest and court fees and costs.

3.- The debtor is hereby compelled to immediately pay the principal interest plus accrued interest.

4.- Send notification to the Office of Patrimonial Investigation for all appropriate purposes in regards to the matter of the investigation of the debtor's assets.

5.- The attachment of the designated assets is unfounded due to the intangible nature of same.

6.- Notify the parties that, in accordance with the provisions of Article 155.5 of the LECn, should the parties change their address during the procedural process, they must notify said change immediately to the court.

7.- Serve this resolution on the debtor/s with a copy of the complaint for execution and attached documents, without summons or subpoena, for purposes of allowing the debtor/s to appear at the execution at any time.

The present resolution is final and no recourse may be filed against it (Article 551.2 LECn), without prejudice of the debtor/s right to object to the settled execution within TEN DAYS following notification of the present Writ.

Ordered and executed by His Honor. I attest.
THE JUDGE/MAGISTRATE                              THE SECRETARY OF THE COURT

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
EMERAUDE LINES OVERSEA S.A.S.,

                               Plaintiff,          09 CV

-v-

                                          **ATTORNEY'S DECLARATION**
CONTENEMAR S.A.,                            **THAT DEFENDANT CANNOT BE**
                                            **FOUND IN THE DISTRICT**

                               Defendant.
------------------------------------------------------------------x

       This declaration is executed by **George M. Chalos, Esq.**, counsel for the Plaintiff, EMERAUDE LINES OVERSEA S.A.S, in order to secure the issuance of a Summons and Process of Maritime Attachment and Garnishment in the above-entitled, in personam, Admiralty cause.

       Pursuant to 28 U.S.C. §1746, **George M. Chalos, Esq.**, declares under the penalty of perjury:

       I am a Member of the firm of CHALOS & CO, P.C., attorneys for Plaintiff in the above referenced matter.

       I am familiar with the circumstances of the Verified Complaint, and I submit this declaration in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of the defendant, CONTENEMAR S.A., pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

       I have personally inquired or have directed inquiries into the presence of the defendant in this District.

       I have personally checked with the office of the Secretary of State of the State of New York, using the Secretary of State's Division of Corporations database, and I have determined

Chalos & Co. Ref: 2102.004

that, as of September 9, 2009, the defendant is not incorporated pursuant to the laws of New York, and have not nominated any agent for the service of process within the Southern District of New York.

I have inquired of Verizon Telephone Company whether the defendant can be located within this District. The Verizon Telephone Company has advised me that the defendant does not have any telephone number listings within this District.

I have further consulted with several other telephone directories on the internet, and I have found no separate telephone listings or addresses for the defendant within this District.

I have engaged in a Google search as to whether the defendant can be located within this District. The Google search results did not provide any information that defendant is found in this District.

I am unaware of any general or managing agent(s) within this District for the defendant.

In that I have been able to determine that the defendant has not appointed an agent for service of process within the Southern District of New York and that I have found no indication that the defendant can be found within this District for the purposes of Rule B, I have formed a good faith belief that the defendant does not have sufficient contacts or business activities within this District and does not have any offices or agents within this District to defeat maritime attachment under Rule B of the Supplemental Rules for Admiralty and Maritime Claims as set forth in the Federal Rules of Civil Procedure.

It is my belief, based upon my own investigation that the defendant, CONTENEMAR S.A., cannot be found within this District for the purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

Dated: Oyster Bay, New York
      September 9, 2009

                                CHALOS & CO, P.C.
                                Attorneys for Plaintiff
                                EMERAUDE LINES OVERSEA S.A.S.

                By: _____
                                George M. Chalos (GC-8693)
                                123 South Street
                                Oyster Bay, New York 11771
                                Tel: (516) 714-4300
                                Fax: (866) 702-4577
                                Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
EMERAUDE LINES OVERSEA S.A.S.,

                               Plaintiff,        09 CV

-v-

                                                      **VERIFICATION OF**
CONTENEMAR S.A.,                             **COMPLAINT**

                               Defendant.
------------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.     I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, EMERAUDE LINES OVERSEA S.A.S., herein;

       2.     I have read the foregoing Verified Complaint and know the contents thereof; and

       3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated:  Oyster Bay, New York
            September 9, 2009

                                                    CHALOS & CO, P.C.
                                                    Attorneys for Plaintiff
                                                    EMERAUDE LINES OVERSEA S.A.S.

                                By:   _____
                                          George M. Chalos (GC-8693)
                                          123 South Street
                                          Oyster Bay, New York 11771
                                          Tel: (516) 714-4300
                                          Fax: (866) 702-4577
                                          Email: gmc@chaloslaw.com